UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| M. C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00972-JRS-TAB |
| | ) | |
| NOBLESVILLE SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

## I. Introduction

Plaintiffs have filed a motion seeking leave to file an amended complaint that belatedly seeks to add a slew of claims that could have been asserted previously, would unduly prejudice Defendants, and would disrupt the case scheduling order. Plaintiffs' arguments in support of leave are, at best, misplaced, and at other points factually incorrect. Plaintiffs' motion [Filing No. 75] is denied.

## II. Discussion

On March 30, 2026, the Court granted Defendants' partial motion to dismiss, dismissing a multitude of Plaintiffs' claims. [Filing No. 46.] Plaintiffs now seek to: (1) replead previously dismissed state-law tort claims; (2) assert a municipal-liability theory under their Equal Protection claim; and (3) add factual allegations purportedly developed through discovery. Plaintiffs fail to adequately explain why these claims could not have been asserted long ago.

While Federal Rule of Civil Procedure 15(a)(2) requires courts to grant leave to amend freely when justice so requires, courts have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice

to the defendants, or where the amendment would be futile." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). "A motion for leave to amend a complaint should not attempt to revive claims that the Court previously found to be futile or attempt to rehash arguments the Court previously rejected." *Clay v. Thorup*, No. 1:25-cv-00018-JPH-TAB, 2026 WL 789549, at *1 (S.D. Ind. Mar. 20, 2025). Additionally, a party must establish good cause for an amendment sought after the deadline for amending pleadings. *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022) (citing Fed. R. Civ. P. 16(b)(4)).

This case began on May 20, 2025, when Plaintiffs filed their original complaint. [Filing No. 1.] Inexplicably, Plaintiffs' brief in support of their motion for leave to amend asserts Plaintiffs filed their original complaint on October 9, 2025. [Filing No. 76, at ECF p. 2.][1] This distinction is significant because it means Plaintiffs' motion to amend was filed 14 months after filing suit rather than nine months after filing suit. Yet perhaps more important, the Case Management Plan set a November 3, 2025, deadline for seeking leave to amend. [Filing No. 34, at ECF p. 4.] Thus, Plaintiffs filed their motion for leave to amend more than seven months past the deadline.

Plaintiffs attempt to justify their untimely request to amend by asserting that discovery has produced records that were not available when Plaintiffs filed their original complaint. [Filing No. 76, at ECF p. 3.] However, Plaintiffs do not identify any newly discovered fact that prevented them from asserting their proposed legal theories before the amendment deadline. Moreover, Defendant Noblesville Schools served its written discovery responses to Plaintiffs' initial requests in November 2025 and responded to Plaintiffs' supplemental interrogatories on

[1] Plaintiffs acknowledge this error in their reply brief. [Filing No. 83, at ECF p. 1-2.]

March 26, 2026. [Filing No. 80, at ECF p. 4.] Yet Plaintiffs waited more than three months—until July 8, 2026—to seek leave to amend.

Allowing Plaintiffs' proposed amendments would undeniably prejudice Defendants and disrupt the case scheduling order. As for prejudice, the Court agrees with Noblesville Schools that permitting amendment at this stage would require Defendants to revisit discovery conducted under the existing pleadings, evaluate newly asserted theories of liability, potentially conduct additional written discovery and depositions, recall or further examine witnesses who have already been deposed, and engage in additional dispositive-motion practice. [Filing No. 80, at ECF p. 8.]

As for the scheduling order, this brings the Court back to another factual inaccuracy in Plaintiffs' supporting brief. Plaintiffs assert that no trial date has been set. [Filing No. 76, at ECF p. 4.] While once again Plaintiffs correct this misstatement in their reply brief [Filing No. 83, at ECF p. 1-2], the fact is that this case is set for trial on April 5, 2027. Adding additional claims at this late juncture would disrupt the scheduling order. Liability discovery closed on August 2, 2026. The dispositive motions deadline is October 15, 2026. And the April 5, 2027, trial date comes less than six months thereafter. The Court cannot fathom how these new claims could be meaningfully vetted given this scheduling order. Moreover, the scheduling order already has been extended multiple times. [Filing Nos. 45, 52, 63, 77, 90.] Additional extensions would increase litigation costs and further delay resolution of the case.

Finally, in support of the requested amendment Plaintiffs rely in part on a footnote in the March 30 order dismissing their claims. Plaintiffs state that in footnote 4 of that order "the Court observed that it was not deciding whether Plaintiffs could state a municipal-liability claim premised on a failure to adopt adequate policies or to train and supervise personnel, as distinct

from the standalone § 1983 theory it dismissed." [Filing No. 76, at ECF p. 2.] As Noblesville Schools correctly notes in its response, the Court's March 30 order did not grant leave to amend, invite amendment, or relieve Plaintiffs of their obligation to comply with the Court's scheduling order. [Filing No. 80, at ECF p. 6.][2]

## III. Conclusion

Plaintiffs' attempt to add multiple claims is untimely. Allowing Plaintiffs to belatedly pursue the new claims in their proposed amended complaint would unduly prejudice Defendants and would disrupt the scheduling order that already has been modified multiple times. Plaintiffs' motion for leave to amend their complaint [Filing No. 75] is denied.

Date: 8/20/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

[2] Defendants make other arguments opposing Plaintiffs' motion for leave to amend, including pointing out procedural irregularities with Plaintiffs' Indiana Tort Claims Act notice. [Filing No. 80, at ECF p. 8-9.] These arguments, while perhaps well taken, need not be squarely addressed given the foregoing shortfalls in Plaintiffs' motion.